HARTZ, Circuit Judge,
concurring:
I concur fully in Judge Lucero’s opinion, which properly analyzes this case under controlling Tenth Circuit precedent. I write separately only to point out how the case could have been presented to the jury more simply, although the result would have been the same.
Taylor does not argue that he had probable cause to arrest Plascencia; and Plas-cencia does not argue, at least in his opening brief on appeal, that Taylor lacked reasonable suspicion. Also, Plascencia does not argue that the length of his detention was unreasonable. Given the absence of any dispute on those issues, all the jury had to determine regarding liability was: (1) Did Taylor have reason to believe that handcuffs were necessary as a safety precaution (a requirement for the use of handcuffs when the officer has reasonable suspicion but not probable cause) and (2) Did Taylor use unreasonable force in applying the handcuffs and otherwise restraining Plascencia? Instructions that set forth those two issues for the jury would have been much simpler than the ones that unnecessarily presented the issue of whether Plascencia was arrested or merely the subject of an investigative detention.
*720 But even were we to hold that the jury should have been so instructed, the verdict would stand. I see no reason to think that the damages awarded by the jury would have been any different under those instructions. Given the way the case was presented, the damage award was obviously for what the jury found to be unnecessarily handcuffing Plascencia and/or using excessive force in applying the handcuffs and otherwise restraining him.